**UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND**

CHAMBERS OF
STEPHANIE A. GALLAGHER
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
(410) 962-7780
Fax (410) 962-1812

January 9, 2013

LETTER TO COUNSEL:

    RE:    *Phillip Ipsan v. Commissioner, Social Security Administration*;
            Civil No. SAG-10-1636

Dear Counsel:

    On June 18, 2010, the Plaintiff, Phillip Ipsan, petitioned this Court to review the Social Security Administration's final decision to deny his claim for Disability Insurance Benefits and Supplemental Security Income. (ECF No. 1). I have considered the parties' cross-motions for summary judgment. (ECF Nos. 19, 23). I find that no hearing is necessary. Local Rule 105.6 (D. Md. 2011). This Court must uphold the decision of the agency if it is supported by substantial evidence and if the agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *see Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). Under that standard, I will grant the Commissioner's motion and deny Plaintiff's motion. This letter explains my rationale.

    Mr. Ipsan filed his claim on March 30, 2006, alleging disability beginning on September 23, 2003.[1] (Tr. 112-19). His claim was denied initially on September 6, 2006, and on reconsideration on March 9, 2007. (Tr. 70-75, 79-89). A hearing was held on April 1, 2008 before an Administrative Law Judge ("ALJ"). (Tr. 30-65). Following the hearing, on April 22, 2008, the ALJ determined that Mr. Ipsan was not disabled during the relevant time frame. (Tr. 13-29). The Appeals Council denied Mr. Ipsan's request for review, (Tr. 1-4), so the ALJ's decision constitutes the final, reviewable decision of the agency.

    The ALJ found that Mr. Ipsan suffered from the severe impairments of "residuals from multiple right shoulder (rotator cuff) surgeries, a discogenic/degenerative back disorder, hepatitis C (non-responsive to treatment), and a substance addiction disorder (in remission)." (Tr. 15). Despite these impairments, the ALJ determined that Mr. Ipsan retained the residual functional capacity ("RFC") to:

> [P]erform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) and can lift up to twenty pounds occasionally and ten pounds frequently, but stand and/or walk at least two hours up to six hours in an eight hour workday, sit about

---

[1] Mr. Ipsan originally alleged disability beginning on November 17, 2002, but amended his onset date to September 23, 2003 at his hearing.

> six hours in an eight-hour workday, is limited in pushing and/or pulling with upper extremities, can occasionally perform postural activities including climbing ramps/stairs, balancing, stooping, kneeling, crouching and crawling, never climb ropes, is limited in reaching in all directions overhead only with right upper extremity, has no visual, communicative or environmental limitations.

(Tr. 23). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Mr. Ipsan could perform jobs that exist in significant numbers in the national economy, and that he was therefore not disabled during the relevant time frame. (Tr. 28-29).

Mr. Ipsan essentially presents a single argument on appeal: that the record, including a May 8, 2008 report by treating physician Dr. Kellams that was provided to the Appeals Council, does not contain substantial evidence to support the ALJ's determination. I disagree.

Although the Commissioner contests whether Dr. Kellams's letter constitutes "new and material evidence" as required by 20 C.F.R. §§ 404.970(b), 416.1470(b), even assuming that the letter meets that standard, it does not establish a lack of substantial evidence supporting the ALJ's determination. Dr. Kellams's May 8, 2008 letter essentially contains a summary of the medical records already in evidence, in addition to the following information:

> As is evident from my notes, he initially was able to do some woodworking on his own slow schedule back in 2004 and 2005, but over the last two years, has gradually been able to work less and less, with the need to take long breaks. If [sic] fact, he has since stopped making guitars. I have even visited his shop in 2007, as I have an interest in woodworking, and the shop is in a state of suspended animation, with works never completed. Mr. Ipsan has begun giving away or selling his tools. He used to prepare logs into boards for me years ago, but wood that I brought him one year ago has never been sawn, and I'll have to get it back from him.

(Tr. 373-74). The woodworking information is not the type of medical assessment that a treating physician customarily provides. Instead, it is analogous to information that might be provided by a friend or family member of a claimant. Nevertheless, considering it as other evidence of record, it would not outweigh the substantial evidence cited by the ALJ in support of his determination that Mr. Ipsan was capable of performing a limited range of sedentary positions. The ALJ did mention Mr. Ipsan's continued engagement with woodworking in support of his determination, but also relied upon Mr. Ipsan's caring for two children, shopping, performing of household chores, driving, visiting other people, and using the computer (for his Ebay sales and other endeavors). (Tr. 26). In addition, the ALJ adopted the medical opinion of one state agency consultant, Dr. Kadian, and determined that Mr. Ipsan's RFC was actually more restrictive than those proposed by consultative examiner Dr. Newell and another state agency consultant, Dr. Vinh. (Tr. 26-27). Given the extensive factual analysis provided by the ALJ, even assuming that Dr. Kellams's May 8, 2008 letter qualifies for consideration, it does not undermine or alter the

substantial evidence supporting the ALJ's conclusion.

Finally, Dr. Kellams's May 8, 2008 letter also contains his opinion that Mr. Ipsan "would not be able to hold down a job." (Tr. 374). That opinion, however, is a determination reserved to the Commissioner, and therefore is not entitled to any weight. 20 C.F.R. §§ 404.1527(d), 416.927(d). Moreover, that section of the letter is not "new evidence," because Dr. Kellams had expressed the same opinion in a letter of February 26, 2007. (Tr. 326). It is worth noting that, in the earlier letter, Dr. Kellams conceded that he is "not qualified to perform a functional capacity evaluation and he would need to be seen by a disability physician who is capable of this." *Id.*

For the reasons set forth herein, Plaintiff's motion for summary judgment (ECF No. 19) will be DENIED and the Commissioner's motion for summary judgment (ECF No. 23) will be GRANTED. The Clerk is directed to CLOSE this case.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing Order follows.

Sincerely yours,

/s/

Stephanie A. Gallagher
United States Magistrate Judge